# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY LEROY STRAETEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09CV1280 TIA |
| | ) | |
| DON ROPER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 516953), an inmate at Jefferson City Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $4.03. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $20.17, and an average monthly balance of $4.74. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $4.03, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to

state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 1951-52.

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are: Don Roper (Warden, Potosi Correctional Center); Sharon Gifford (Functional Unit Manager, PCC); Kay Klein (Case Worker, PCC); Michael Layden (Functional Unit Manager, PCC); Michael Lundy (Superintendent, PCC); Unknown Pruett (Case Worker, PCC); and Morgan Warren (correctional officer, PCC). Named as an additional defendants in the body of the complaint are Jerry Cortrette (Case Worker, PCC), Jason Budymyer (inmate), Michael Ford (inmate), and Victor Collins (inmate).

Plaintiff alleges that on the Memorial day weekend in 2006, defendants Klein and Cortrette placed him on a suicide watch.

Next, plaintiff asserts, in a conclusory fashion, that after he physically assaulted another inmate, defendants Layden, Lundy, Warren and Cotrette "ordered" him to be physically assaulted.

Lastly, plaintiff asserts, also in a conclusory fashion, that in October of 2007 he was "rustled" in his assigned cell by defendants Layden, Cortrette, Ford, Budymyer, and Collins. Plaintiff claims that as a result of being "rustled" he broke his right wrist. Plaintiff alleges that at some other time, defendant Layden stated that

he "should die, but not yet." Plaintiff additionally states that unnamed defendants restricted him from receiving new eye glasses.

Plaintiff seeks monetary relief in the amounts of $88,000 and $98,000 for the purported unconstitutional acts of defendants.

## Discussion

The complaint is silent as to whether defendants are being sued in their official or individual capacity. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." Id. As a result, the complaint fails to state a claim upon which relief can be granted.

Even if plaintiff had sued defendants in their individual capacities, his claims would be subject to dismissal. Plaintiff has not made any specific allegations against defendants Roper, Gifford or Pruett. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v.

Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). Plaintiff's failure to set forth facts indicating that defendants Roper, Gifford and/or Pruett were directly involved in or personally responsible for the alleged violations of his constitutional rights is fatal to his claims for relief against these defendants.

Moreover, the purported "verbal harassment" administered by defendant Layden does not rise to the level required to establish a constitutional violation. See, e.g., McDowell v. Jones, 990 F.2d 433, 434 (8th Cri. 1993); King v. Olmsted, 117 F.3d 1065, 1067 (8th Cir. 1997) (verbal harassment actionable only if it is so brutal and wantonly cruel that it shocks the conscience, or if the threat exerts coercive pressure on the plaintiff and the plaintiff suffers from a deprivation of a constitutional right).

Furthermore, plaintiff's allegation that he was placed on suicide watch by defendants Klein and Cortrette fails to state a deprivation of a constitutional right, as he has not alleged that he was subjected to an atypical or significant hardship. Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003) (to state a claim under § 1983

for unconstitutional placement in administrative segregation, a prisoner "must show some difference between his new conditions in segregation and the conditions in the general population which amounts to an atypical and significant hardship.").

Lastly, plaintiff's conclusory assertions that he was prevented from getting new eye glasses, that he was "rustled" in his cell by defendants, and that defendants "ordered" that he be physically assaulted, without more, simply do not state a claim for relief. Although it is apparent that plaintiff is attempting to allege that defendants violated his constitutional rights, his conclusory allegations are devoid of facts that would give rise to a plausible claim for relief. As a result, plaintiff's claims fail to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $4.03 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 26th Day of August, 2009.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE